## GRAHAM vs. GEORGIA RAILROAD.

CERTIORARI, FROM NEWTON. New Trial. (Before Judge Stewart.)

Hall, J.—It is well settled that the first grant of a new trial, whether upon motion or certiorari, will not be disturbed wherever there is a conflict of evidence on material questions and it is not made plainly to appear that the judge has abused his discretion in the judgment rendered.

Judgment affirmed.

Midlebrooks & Edwards, by brief, for plaintiff in error.

J. M. Pace, for defendant.

## CRUISE, SR., vs. FOSTER & ESTES.

CERTIORARI, FROM FORSYTH. New Trial, Statute of Frauds. Principal and Surety. (Before Judge Brown.)

Hall, J.—Where the evidence was conflicting on material issues of the case, and the presiding judge sustained the certiorari, and thereby granted a first new trial, this court will not interfere.

(a) If the plaintiffs refused to furnish goods to a son on credit, and were informed by the father that if they would do so he would see that they were paid, and they thereupon furnished goods to the son and charged them on their books to the father and son merely as a memorandum, to enable them to distinguish this from another individual account of the father and to show precisely the amount furnished to the son, in the absence of other testimony, this would be sufficient to uphold the contract of the father as an original undertaking. Baldwin vs. Hiers (Sept. Term, 1884.)

(b) A test whether the undertaking is original or collateral may be furnished by the question whether the son is still held liable. 70 Ga., 52, 55.

Judgment affirmed.

Geo. N. & D. P. Lester; R. P. Lester, for plaintiff in error.

No appearance for defendant.